UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND ECONOMIC DEVELOPMENT CORPORATION, Plaintiff | : | |
| v. | : | C.A. No. 08-181 |
| M/V AMITY ACE, Her Engines, Tackle, Apparel, Furniture, Equipment, Rigging, and all other Necessaries, *in rem*, Defendant | : | |

**MOTION FOR ORDER STAYING AND VACATING ORDER FOR ARREST OF VESSEL**

Plaintiff moves for an order pursuant to Supplemental Admiralty Rule E(5)(a) staying and vacating the warrant for the arrest of the vessel M/V *Amity Ace*, her engines, tackle, apparel, furniture, equipment, rigging and all other necessaries thereunto appertaining, and staying and vacating the order for the issuance of the warrant.

The grounds for this motion are that the defendant vessel's underwriters have provided the attached Letter of Undertaking, in form and amount satisfactory to plaintiff, agreeing to appear and respond to the summons and complaint, to pay any final judgment with interest and costs up to the agreed sum, and upon request to file a bond with sureties satisfactory to the court. Accordingly, arrest of the defendant vessel is

no longer necessary to secure jurisdiction of the court and satisfaction of plaintiff's claim.

By its Attorney,

/S/Howard E. Walker

___________________________

Howard E. Walker (#1085)
P.O. Box 299
Hope Valley, Rhode Island 02832
Tel. (401) 539-6767
Fax. (401) 539-0066
E-mail: hewlaw@direcway.com

Dated: May 14, 2008

ATTACHMENT A

Brandon L. Bigelow
Direct Phone: 617.951.8305
Direct Fax: 617.951.8736
brandon.bigelow@bingham.com

May 15, 2008

**VIA ELECTRONIC MAIL AND FEDERAL EXPRESS**

Howard E. Walker, Esq.
As attorney for
Quonset Development Corporation
30 Enterprise Drive
N. Kingstown, RI 02852

***Re: M/V AMITY ACE alleged dock damage,***
***Port of Davisville, Rhode Island, 15 October 2003***

Dear Mr. Walker:

IN CONSIDERATION of your having refrained, as counsel for and on behalf of Quonset Development Corp., from causing the arrest of the above-named vessel, and not attaching any other property belonging to her owner(s) in connection with claims and actions arising out of alleged damage caused to a pier at Port of Davisville, Rhode Island on or about 15 October 2003 (hereafter referred to as the "Alleged Incident"), the undersigned Japan Ship Owners' Mutual Protection and Indemnity Association, hereby agrees:

1. To accept service of process and cause to be filed, upon your demand, an appearance on behalf of the owner(s) of the above-named vessel in any civil proceeding in the United States District Court for the District of Massachusetts or the United States District Court for the District of Rhode Island in connection with the Alleged Incident, irrespective of whether the above-named vessel is in the jurisdiction of the Court at the time, and without raising any question as to her absence from said jurisdiction;

2. In the event a final judgment (after appeal, if any) be entered in favor of the plaintiff against the above-named vessel, then the undersigned agrees to pay and satisfy the final judgment, up to and not exceeding the sum of 175,000 USD (One Hundred Seventy-Five Thousand Dollars United States currency) inclusive of interest and costs, or any lesser amount decreed by the court or settled between the parties, where said settlement has been made with the approval of the undersigned, without any final judgment being rendered;

Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

617.951.8000
617.951.8736
bingham.com

3. Upon written demand, to cause to be filed in said action, a bond in form and sufficiency of surety satisfactory to the court, sufficient in amount not to exceed 175,000 USD (One Hundred Seventy-Five Thousand Dollars United States currency), including interest and costs, to secure your claim against the above-named vessel in said action. In the event that the bond referred to in this paragraph is filed, the undersigned shall have no further obligation under Paragraph 2 above;

4. This letter is given without prejudice to all rights or defenses which the above-named vessel and/or her owner(s) may have, none of which is to be regarded as waived, except that owner(s) will not assert in any subsequent hearing or action any alleged defects in notice or service of process issued and served in accordance with this undertaking. This letter does not constitute an admission of liability by the above-named vessel or its owner(s).

5. It is understood and agreed that the execution of this letter by Bingham McCutchen LLP on behalf of the undersigned Japan Ship Owners' Mutual Protection and Indemnity Association shall not be construed as binding upon Bingham McCutchen LLP but is binding only upon the undersigned Japan Ship Owners' Mutual Protection and Indemnity Association.

Very truly yours,

The Japan Ship Owners' Mutual Protection and Indemnity Association.

By: BINGHAM McCUTCHEN LLP

By:
Brandon L. Bigelow

(As Attorney-in-Fact for the above limited purpose only as per e-mail authority received by Bingham McCutchen LLP on 15 May 2008 from the managers for The Japan Ship Owners' Mutual Protection and Indemnity Association.)

cc: Thomas H. Walsh, Esq.
Robert E. McDonnell, Esq.